

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

*Brien McMahon Federal Building*           *(203) 696-3000*
*915 Lafayette Boulevard, Room 309*
*Bridgeport, Connecticut  06604*           *Fax (203) 579-5575*

April 2 , 2009

Ronald Resetarits
Assistant Federal Public Defender
Office of the Federal Public Defender
2 Whitney Avenue, Suite 300
New Haven, CT 06510

       Re:    United States v. Laura Culver
             Criminal No.

Dear Attorney Resetarits:

      This letter confirms the plea agreement entered into between your client, Laura Culver (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

      Laura Culver agrees to waive her right to be indicted and to plead guilty to a one-count Information charging her with production of child pornography, in violation of Title 18 U.S.C. § 2251(a).  She understands that to be guilty of this offense the following essential elements of the offense must be satisfied:

    1.      The defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

    2.      The victim was a minor; and

    3.      The visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means.

## THE PENALTIES

      The offense set forth in Count One of the Information carries a mandatory minimum penalty of ten (10) years of imprisonment and a maximum penalty of twenty (20) years of

imprisonment.  In addition, under 18 U.S.C. § 3583(b), the Court may impose a period of supervised release of not more than 3 years, to begin at the expiration of any term of imprisonment imposed.  The defendant understands that should she violate any condition of the supervised release during its term, she may be required to serve a further term of imprisonment of up to two years of incarceration with no credit for the time already spent on supervised release.

The parties also stipulate and agree that the Court should impose the following Special Conditions of Supervised Release:

1.  The defendant shall participate in mental health treatment as direct by the Court or the United States Probation Office; and

2.  The defendant shall comply with any applicable federal, state and local sex offender registry.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571.  Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction.  The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date, pursuant to 18 U.S.C. § 3612(f).  Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§ 3572 (h) - (i) and § 3612(g).

      Restitution

In addition to the other penalties provided by law, the Court may also order that the defendant make restitution under 18 U.S.C. § 3663A. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution.  Restitution is payable immediately unless ordered otherwise by the Court.

      Forfeiture

Defendant understands and agrees that by virtue of her plea of guilty she waives any rights or cause of action to claim that she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

**THE SENTENCING GUIDELINES**

1.      Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court will normally be required to consider any applicable Guideline range, as well as other factors enumerated in 18 U.S.C. § 3553(a), to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. 220 (2005).

The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the pre-sentence investigation report. The defendant further understands that she has no right to withdraw her guilty plea if her sentence or the Guideline application is other than she anticipated.

2.    Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, the Government intends to file a motion with the Court pursuant to § 3E1.1(b) recommending that the Court reduce defendant's Adjusted Offense Level by one additional level based on the defendant's prompt notification of her intention to enter a plea of guilty. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding her commission of the offense, of her criminal history, and of her financial condition by submitting a complete and truthful financial statement. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning her involvement in the offense to which she is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline § 3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if the defendant seeks to withdraw her plea of guilty. The defendant expressly understands that she may not withdraw her plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

3.    Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into a stipulation which is attached to and made a part of this plea agreement. The defendant understands that this stipulation does not purport to set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant expressly understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

    4.    The Government's Guideline Calculation

The Government believes that even though Culver's criminal conduct occurred in 2001 and 2002, that the Guideline Manual in effect at the time of her sentencing should be used to calculate the defendant's applicable guidelines. The defendant disagrees and will argue that the 2001 Guideline Manual should apply. Using the current (2008) Guideline Manual, the Government calculates the defendant's applicable guidelines to be a term of imprisonment of up to life. In light of the statutory maximum sentence of 20 years of incarceration, *see* U.S.S.G. §5G1.1(c), the Sentencing Guidelines specify a term of 20 years of imprisonment, a fine range of $25,000 to $250,000 (U.S.S.G. § 5E1.2(c)(3), a term of supervised release of 3 years and a $100 special assessment. The defendant believes using the 2001 Guideline Manual, that the defendant's applicable guideline range is 97-121 months of incarceration. In light of the mandatory minimum, the guideline range becomes 120-121 months of incarceration.

    5.    Waiver of Right to Appeal or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances she is entitled to appeal her conviction and sentence pursuant to 18 U.S.C. § 3742. It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed seven years of imprisonment, a term of supervised release of life, and a fine of $20,000, even if the Court imposes such a sentence based on an analysis different from that specified. The defendant expressly acknowledges that she is knowingly and intelligently waiving her appellate rights.

    6.    Information to the Court

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

**WAIVER OF RIGHTS**

    1. Waiver of Right to Indictment

The defendant understands that she has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that she committed the offense set forth in the Information before an indictment could be returned. The defendant expressly acknowledges that she is knowingly and intelligently waiving her right to be indicted.

    2. Waiver of Trial Rights and Consequences of Plea

The defendant understands that she has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent her.

The defendant understands that she has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against her, the right not to be compelled to incriminate herself, and the right to compulsory process for the attendance of witnesses to testify in her defense. The defendant understands that by pleading guilty she waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if she pleads guilty, the Court may ask her questions about each offense to which she pleads guilty, and if she answers those questions falsely under oath, on the record, and in the presence of counsel, her answers may later be used against her in a prosecution for perjury or making false statements.

3. Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

4. Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, she could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove her innocence. The defendant fully understands her right to have all the physical evidence in this case tested for DNA, has discussed this right with her counsel, and knowingly and voluntarily waives her right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because she is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

**ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA**

The defendant acknowledges that she is entering into this agreement and is pleading guilty freely and voluntarily because she is guilty. The defendant further acknowledges that she is entering into this agreement without reliance upon any discussions between the Government and her (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges her understanding of the nature of the offense to which she is pleading guilty, including the penalties

provided by law.  The defendant also acknowledges her complete satisfaction with the representation and advice received from her undersigned attorney.  The defendant and her undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

 The defendant expressly acknowledges that she is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement.  The defendant voluntarily, knowingly, and intelligently waives any rights she may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

**SCOPE OF THE AGREEMENT**

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority.  The defendant acknowledges that no representations have been made to her with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved.  Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving her.

**COLLATERAL CONSEQUENCES/ SEX OFFENDER REGISTRATION AND NOTIFICATION ACT**

The defendant further understands that she will be adjudicated guilty of each offense to which she has pleaded guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from the defendant for analysis and indexing. The defendant also understands that the Government reserves the right to notify any state or federal agency by which she is licensed, or with which she does business, as well as any current or future employer of the fact of her conviction.

The defendant acknowledges that she has been advised and understands that under the Sex Offender Registration and Notification Act, federal law requires that she must register and keep the registration current in each of the following jurisdictions: where she resides; where she is an employee; and where she is a student. She understands that the requirements for registration include providing her name, her residence address, and the names and addresses of any places where she is or will be an employee or a student, among other information. She further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which she resides, is an employee, or is a student not later than three business days after any change of her name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects her to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of her participation in the criminal offense which forms the basis of the Information in this case.

The defendant understands that if, before sentencing, she violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, defendant will not be permitted to withdraw her plea of guilty.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, and signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

NORA R. DANNEHY
ACTING UNITED STATES ATTORNEY

/S/
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that she has read this plea agreement letter and its attachment or has had it read or translated to her, that she has had ample time to discuss this agreement and its attachments with counsel and that she fully understands and accepts its terms.

/S/_____          _____
LAURA CULVER                          Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client, who advises me that she understands and accepts its terms.

/S/_____          _____    _____
RONALD RESETARITS, ESQ.                                 Date
Attorney for the Defendant

STIPULATION OF OFFENSE CONDUCT

The defendant Laura Culver and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Information:

The defendant did use minor, M.V.#1 who was a minor under the age of twelve, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, which visual depictions were produced using materials that had been mailed, shipped, and transported in interstate and foreign commerce.

Beginning in or about April 2001 and continuing until 2002, Culver collaborated with Edgardo Sensi to film M.V.#1, who was approximately eight years old. The video-tapes contain sessions during which Culver and Sensi enticed M.V. to engage in illegal sex acts with them.

The equipment used by Culver and Sensi to videotape M.V. #1 and to store the videotapes had been mailed, shipped, and transported in interstate and foreign commerce. Moreover, during one incident where M.V.#1 was filmed engaging in illegal sex acts with Sensi and Culver in Rhode Island, that the video-tapes depicting the illegal sex acts did travel in interstate commerce to Connecticut.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____   _____
LAURA CULVER                  KRISHNA R. PATEL
The Defendant                 Assistant United States Attorney


_____
RONALD RESETARITS, ESQ.
Attorney for the Defendant

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § 3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

   A. Return the property to the owner of the property or someone designated by the owner; or

   B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

   The greater of -

   (I) the value of the property on the date of the damage, loss, or destruction; or

   (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In the case of an offense resulting in bodily injury to a victim –

   A. pay an amount equal to the costs of necessary medical and related professional services and devices related to physical, psychiatric, and psychological care; including non-medical care and treatment rendered in accordance with a method of healing recognized by the law of the place of treatment;

   B. pay an amount equal to the cost of necessary physical and occupational therapy and rehabilitation; and

   C. reimburse the victim for income lost by such victim as a result of such offense;

3. In the case of an offense resulting in bodily injury that results in the death of the victim, pay an amount equal to the cost of necessary funeral and related services; and

4. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. § 3614. The Court may also order that the defendant give notice to any victim(s) of her offense under 18 U.S.C. § 3555.