UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA          :

v.                                :     No. 3:09CR00077 (WWE)

LAURA CULVER                      :     January 27, 2012

SENTENCING MEMORANDUM OF THE UNITED STATES

The United States submits this brief sentencing memorandum in connection with the January 30, 2012 sentencing of defendant Laura Culver.  Because the facts of this matter have been fully set forth in the PSR and because the Court has now viewed a summary video depicting Culver's crimes, the Government will not provide a recitation of the facts.

Legal Standard

The Supreme Court clarified the continuing role of the Sentencing Guidelines and the scope of the sentencing court's discretion in United States v. Booker, 543 U.S. 220 (2005). Booker makes clear that this Court must consider both the sentencing factors set forth in 18 U.S.C. Section 3553(a), and the Sentencing Guidelines in fashioning a reasonable sentence. Id. at 764.  While the Sentencing Guidelines are no longer mandatory following Booker, they must still be considered in determining the appropriate sentence.  The Second Circuit has recognized the continuing relevance of the Sentencing Guidelines following Booker in determining an appropriate sentence:

> [I]t is important to bear in mind that Booker/ Fanfan and section 3553(a) do more than render the Guidelines a body of casual advice, to be consulted or overlooked at the whim of a sentencing judge.  Thus, it would be a mistake to think that, after Booker/Fanfan, district judges may return to the sentencing regime that existed before 1987 and exercise unfettered discretion to select any sentence within the applicable statutory maximum and minimum.  On the contrary,

the Supreme Court expects sentencing judges faithfully to discharge their statutory obligation to "consider" the Guidelines and all of the other factors listed in section 3553(a).  We have every confidence that the judges of this Circuit will do so, and that the resulting sentences will continue to substantially reduce unwarranted disparities while now achieving somewhat more individualized justice. United States v. Crosby, 397 F.3d 103, 113-14 (2d Cir. 2005).

Under the non-mandatory Guideline regime established by Booker and Crosby, the sentencing judge is empowered to make the factual findings necessary for determining what the recommended Guideline sentence is in a particular case.  Crosby, 397 F.3d at 113 ("the sentencing judge is entitled to find all the facts appropriate for determining either a Guidelines sentence or a non-Guidelines sentence").  Using the current sentencing guidelines, Culver's guideline sentence is life – not 120-121 months that Culver claims using the 2001 Guidelines.  In light of the statutory maximum sentence of twenty years, the guideline calculation is properly 20 years.  The Government has filed a 5K and section 3553(e) motion for a downward departure given Culver's cooperation in this case.   Therefore, the Court is not bound by the mandatory minimum sentence.

### A.  The Nature and Circumstances of the Offense.

The Supreme Court has consistently recognized that the protection of children is a paramount governmental and societal interest and the permanent record of abuse created by child pornography creates a pervasive harm that revictimizes a child.  *See New York v. Ferber*, 458 U.S. 747, 757 (1982) ("the prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance.").  Culver was directly involved in the sexual abuse of the child in this case.  The victim was subjected to repeated brutal and sado-masochistic abuse over a period of time by the co-conspirator and some of the most disturbing conduct occurred while Culver was present.  Moreover, Culver was aware that the conduct was being video-taped and permitted a permanent record of the harm to be created.  The crimes committed

against the victim in this case are among the most abhorrent crimes committed by a member of our society. Culver was directly involved in grooming the victim, breaking down her defenses, and sexually abusing the victim.

### B. History and Characteristics of the Defendant.

Unlike so many defendants who come before this Court, Culver appears to have had the support of family, friends, an education and a career. The difficulties that she discusses in the PSR simply do not and cannot explain or excuse her conduct in this case.

### C. The Sentence Must Promote Respect for the Law

The sentence in this case must reflect the seriousness of the offense committed by Culver. Given the severe neglect and the severe abuse inflicted on this victim, the punishment imposed must reflect the seriousness of the offense committed by Culver. As depicted in portions of the video-tapes, Culver and Sensi question the victim about whether the victim is telling anyone about what they are doing to her and instruct the victim not to say anything. Culver used the natural trust that the victim would have towards her and violated it by engaging in and permitting the victim to be severely victimized. It is very important that Culver finally understand that she must respect the laws of our society. Given her complete disregard and contempt for our laws, the punishment imposed in this case should promote respect for our laws.

### D. The Court Should Consider General Deterrence

One of the factors the Court must consider in imposing sentence is the need for the sentence to "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B). A substantial and appropriate prison sentence for such conduct can serve as a powerful deterrent against the commission of these abhorrent crimes. While the Government does not believe that Culver is likely to engage in conduct in the future, the Court's sentence should send a clear and strong message of general deterrence. General deterrence serves an important function, and its

impact should not be underestimated particularly here where the victim is was a young child when she was being abused. A five-year sentence proposed by Culver is simply not sufficient and sends the wrong message. This is a truly heinous crime and sentence should recognize the severity of the offense.

### E.  Sensi Has Earned A Sentence Comparable to Those Imposed on Similarly Situated Offenders.

The Sentencing Guidelines were promulgated, in part, to minimize disparities in federal sentences. Although those Guidelines are no longer mandatory, the importance of eliminating sentencing disparities remains an important factor which the Court must separately consider pursuant to 18 U.S.C. § 3553(a)(7). The Guidelines here serve as a good marker for the appropriate sentence. While Culver discusses other cases in her memorandum, it is important to note that each case is different and if this Court wishes to avoid unwarranted disparities, the sentencing guidelines serve that function. In *US v. Ortiz*, the Second Circuit adopted the D.C. Circuit's "nuanced" decision in *US v. Turner,* which concluded that if "using the [amended] Guidelines created a substantial risk that [the defendant's] sentence was more severe," the Ex Post Facto Clause would be violated. In *Ortiz*, the Court found no violation because the district judge imposed a substantially below-Guidelines sentence and the Court found that the district court would have given the same sentence regardless of the Guidelines range.

Respectfully submitted,

DAVID B. FEIN
UNITED STATES ATTORNEY
/S/
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. CT 24433
915 Lafayette Boulevard
Bridgeport, CT 06604
(203) 696-3000

CERTIFICATE OF SERVICE

      I hereby certify that on January 27, 2012, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/S/_____
KRISHNA R. PATEL
ASSISTANT UNITED STATES ATTORNEY